UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DALY BOULEVARD ASSOCIATES, L.P.,<br><br>    Plaintiff,<br><br>    v.<br><br>CECIL GONZALES,<br><br>    Defendant. | Case No. 14-cv-04213-JCS<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION TO REMAND**<br><br>Re: Dkt. No. 5 |

## I.  INTRODUCTION

This is an unlawful detainer case that Defendant Cecil Gonzales removed from state court on September 18, 2014. Plaintiff John Daly Boulevard Associates, L.P. moved on October 6, 2014 to remand the case for lack of federal subject matter jurisdiction. A hearing was held on October 17, 2014. For the reasons stated below, the undersigned recommends that Plaintiff's Motion be GRANTED, and the case REMANDED to the Superior Court of California, County of San Mateo. The undersigned recommends that Plaintiff's request for attorneys' fees be DENIED.

## II.  BACKGROUND

Defendant, proceeding pro se and in forma pauperis, removed this action from the Superior Court of California, County of San Mateo to this Court on September 18, 2014. Defendant's Notice of Removal (Dkt. 1) includes the first page—but not complete copies—of each of the following documents from the state court proceeding: a summons for unlawful detainer, Plaintiff's complaint, Defendant's notice of demurrer, and Defendant's answer. The Notice of Removal states that "Federal question [jurisdiction] exists because Defendant's Demurrer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal at 3.

Plaintiff filed a Motion to Remand (Dkt. 5) on October 6, 2014, as well as a declaration

that attached several exhibits including Plaintiff's complaint, Defendant's demurrer, and the state court's order overruling the demurrer. Choutka Decl. (Dkt. 5-1) Exs. C−E. The complaint is for unlawful detainer, and the demurrer was brought under California Code of Civil Procedure section 1170, alleging that Plaintiff's Notice to Pay or Quit "fail[ed] to include the information required by Code of Civil Procedure § 1161(2)." *See id.* Exs. C, D. Plaintiff argues that the case should be remanded for lack of federal subject matter jurisdiction, because there is no diversity of citizenship and the complaint presents no federal question. Plaintiff also argues that it is entitled to attorneys' fees under 28 U.S.C. § 1447(c).

Concurrently with its Motion, Plaintiff filed an ex parte request to shorten the briefing and hearing schedule for the Motion, arguing that there was no basis for removal and any delay in remanding the case harms Plaintiff by preventing it from recovering its property. Dkt. 6. The Court granted this request, set a hearing for October 17, 2014, and set a deadline of October 15, 2014 for Defendant to file an opposition to the Motion. Dkt. 10. Defendant did not file an opposition.

Defendant failed to appear at the October 17 hearing, but Plaintiff's counsel indicated that Defendant had filed for bankruptcy, thus prompting an automatic stay of these proceedings pursuant to 11 U.S.C. § 362. Plaintiff filed a declaration on October 20, 2014 confirming that Defendant filed for bankruptcy. Dkt. 13. On November 14, 2014, Plaintiff filed with this Court an order by the Bankruptcy Court terminating the stay as to this litigation. Dkt. 16.

### III.   ANALYSIS

#### A.   Motion to Remand

A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. A plaintiff may move to remand the case to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to

removability should be resolved in favor of remand.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the burden of showing that removal is proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, Defendant's Notice of Removal invokes federal question jurisdiction.  Notice of Removal ¶ 10 (citing 28 U.S.C. § 1331).[1]  Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense."  *Caterpillar*, 482 U.S. at 393.

Defendant has not met her burden to show that removal is proper.  Plaintiff's complaint does not include any claims under federal law or otherwise raise any federal question.  *See* Choutka Decl. Ex. C; *see also, e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (unlawful detainer is a state law claim).  Even if, as Defendant claims, "Defendant's Demurrer, a pleading depend[ed] on the determination of Defendant's rights and Plaintiff's duties under federal law," Notice of Removal ¶ 10, that would not be sufficient to create federal question jurisdiction under the well-pleaded complaint rule, because what Defendant describes is only a federal defense.  *See Caterpillar*, 482 U.S. at 393.  Further, even if a federal defense could provide a basis for jurisdiction, the demurrer raised no such defense.  It invoked and depended only on state law, specifically the California Code of Civil

---

[1] Defendant has not invoked federal diversity jurisdiction under 28 U.S.C. § 1332, and there is no indication that diversity jurisdiction applies.  Both parties appear to be citizens of California.

Procedure. *See generally* Choutka Decl. Ex. D.  Neither the complaint nor the demurrer relates in any way to federal law.  *See* Mot. Exs. C, D.

Because Defendant has not demonstrated federal subject matter jurisdiction, the undersigned recommends that the case be REMANDED to state court.

### B. Request for Attorneys' Fees

Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1447(c), arguing that Defendant had no reasonable belief that removal was proper, and instead removed the case only as a tactic to stall the eviction process.  That conclusion is not entirely unfounded.  As discussed above, neither the complaint nor the demurrer raises a federal question, and Defendant has failed to respond to Plaintiff's Motion.  Defendant also failed to include complete copies of the complaint and demurrer, leaving the Court unable to determine whether removal was proper until Plaintiff filed the relevant documents with its Motion.  An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140−41 (2005).

The undersigned nevertheless recommends that Plaintiff's request for attorneys' fees be denied.  Because Defendant is unrepresented, it is difficult to conclude with certainty that she knew there was no basis for removal.  There is also no evidence that Defendant has engaged in a pattern of procedural abuse to delay her eviction.  Further, the undersigned concludes that an award of attorneys' fees would not serve the interest of justice under the circumstances of this case, as Defendant is an unemployed, indigent mother of two young children who is facing eviction and bankruptcy. *See* Application to Proceed In Forma Pauperis (Dkt. 2); *see also Martin*, 546 U.S. at 141 ("[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.").  It is a close question, however, and Defendant is advised that future unwarranted stalling tactics may justify an award of attorneys' fees or other sanctions.

### IV. CONCLUSION

For the reasons discussed above, the undersigned recommends that this case be

4

REMANDED to the state court, and that Plaintiff's request for attorneys' fees be DENIED. Because Defendant has not consented to magistrate judge jurisdiction, this case will be reassigned to a United States District Judge for further proceedings. Any opposition to the recommendations above must be filed no later than November 28, 2014. *See* 28 U.S.C. § 636(b)(1).

Defendant, who is not represented by counsel, may wish to seek free limited legal assistance from the Legal Help Center by calling the appointment line at (415) 782-8982 or signing up for an appointment in the appointment book located outside the door of the Help Center, located at the San Francisco courthouse at 450 Golden Gate Avenue on the 15th Floor, Room 2796. Appointments are held Monday through Friday at various times throughout the day. Defendant can speak with an attorney who will provide basic legal help, but not legal representation.

Dated: November 14, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge